UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABDULLAH AZIZ,

                      Plaintiff,

            — against —

PLUMBING INDUSTRY BOARD LOCAL
UNION NO. 1 WELFARE FUND as successor to
the JOINT PLUMBING INDUSTRY BOARD,
DONALD DOHERTY, and WALTER
SARACENI,

                      Defendants.
------------------------------------------------------------X

**MEMORANDUM and ORDER**

06-CV-6332 (SLT)(LB)

**TOWNES, United States District Judge:**

In January 2006, plaintiff Abdullah Aziz ("Plaintiff"), appearing *pro se*, commenced this action in the Civil Court for the City of New York, Queens County against defendants Plumbers Local No. 1 Welfare Fund, as successor to the Joint Plumbing Industry Board ("Plumbers Fund"), s/h/a Plumbing Industry Board Local Union No. 1 Welfare Fund, Donald Soherty, and Walter Saraceni (collectively, "Defendants"). On November 28, 2006, Defendants removed the action to this Court. Plaintiff seeks "to be compensated for damages for Infliction of Mental Distress, Theft, Embezzlements and Larceny of my money from my Pension and Welfare Benefits Program by [Defendants]." Second Amended Complaint ¶ 1.

While the parties were conducting discovery before Magistrate Judge Lois Bloom, on October 11, 2007, the Court ordered Plaintiff to respond to all of Defendants' outstanding discovery requests by October 26, 2007, and to appear for his deposition on November 7, 2007. *See* Order dated October 10, 2007 ("October 10 Order"). Magistrate Judge Bloom also explicitly warned Plaintiff that if he did not comply with the Court's Order, she would recommend that the

action be dismissed with prejudice. *Id.* By letter dated November 9, 2007, Defendants informed the Court that Plaintiff had failed to comply with the Court's October 10 Order, and requested that Magistrate Judge Bloom recommend dismissal of this action with prejudice. On November 26, 2007, Magistrate Judge Bloom issued a Report and Recommendation ("R&R") in which she recommends that the action be dismissed pursuant Fed. R. Civ. P. 37(b)(2) for Plaintiff's failure to obey the October 10 Order. The R&R instructs Plaintiff to file any objections to the R&R within ten (10) days of receiving it. The R&R was filed on November 26, 2007, and, to date, the Court has not received any objections to the R&R. For the reasons set forth below, the R&R is adopted in its entirety, and the action is dismissed.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2007). Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, a court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record in order to accept the [magistrate judge's] recommendation." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *accord Edwards v. Town of Huntington*, No. 05-CV-339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007); *cf. Lewis v. Berg*, No. 00-CV-1433, 2006 WL 1064174, at *2 n.8 (N.D.N.Y. Apr. 20,

2006).

Here, Plaintiff failed to file any objections, even though the R&R expressly advised him that any objections had to be filed within ten days of receiving the R&R. This Court, therefore, need not review Judge Bloom's factual or legal conclusions, but has nonetheless reviewed the R&R for clear error on the face of the record. Having reviewed the record, this Court finds no clear error. Accordingly, the R&R is adopted in its entirety, and, pursuant to Fed. R. Civ. P. 37(b)(2), Plaintiff's action is dismissed with prejudice for failing to comply with the October 10 Order.

## CONCLUSION

Magistrate Judge Bloom's Report and Recommendation, dated November 26, 2007, is hereby adopted in its entirety. Therefore, the Clerk of Court is directed to enter judgment in favor of Defendants, dismissing this action with prejudice. Defendants are ordered to serve this Memorandum and Order upon Plaintiff, and to subsequently file an affidavit of service with this Court once service is completed.

SO ORDERED.

Dated: Brooklyn, New York
December 27, 2007

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge